## Smith v. Commonwealth.

(Decided October 2, 1923.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Refusal to Postpone Trial Not Abuse of Discretion. —Where some of defendant's witnesses misunderstood the court's announcement that all jurors and witnesses in other cases awaiting trial could go home until the next morning, and when defendant discovered the absence of his witnesses he asked that the case be passed until the following day, and made affidavit that the absent witnesses would testify to defendant's good reputation, and court allowed that part of the affidavit containing the evidence attributed to the witnesses to be read to the jury as their depositions, held that there was no abuse of discretion, though the affidavit stated that the full benefit of the testimony of the absent witnesses could not be obtained without their presence, and the oral giving of it by their being in court.

2. Criminal Law—Review of Rulings on Motions for Continuance.— Granting or refusing a continuance will not be reversed unless abuse of discretion appears.

3. Criminal Law—Admission of Evidence Not Prejudicial in View of Exclusion by Court.—There was no reversible error in permitting witness to state that he had seen accused in possession of a still at his residence, whereas the still, for the possession of which he was indicted, was proved to have been found in his slaughterhouse, where the court excluded the testimony from the consideration of the jury because of the inability of the witness to recollect whether his discovery of the still at the house was before or after the finding of the one at the slaughterhouse.

4. Intoxicating Liquors—Instruction Held Not Erroneous.—In a prosecution for having a still in possession, it was proper to instruct that proof by the Commonwealth of accused's ownership of the still in question was not necessary, and that the burden of proving that

the still was registered was upon the accused, if, as a defense to the charge in the indictment that it had not been registered, he claimed it was registered.

WAUGH & HOWERTON for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Tom Smith, and one Wm. Pierce were jointly indicted in the court below for the offense of unlawfully having in their possession an illicit still and outfit, designed for and commonly used in the manufacture of intoxicating liquors. For some reason, unexplained by the record, the appellant, Smith, was given a separate trial. Whether Pierce has had a trial does not appear. The trial of the appellant resulted in a verdict finding him guilty of the offense charged and fixing his punishment at a fine of $300.00 and imprisonment of sixty days in jail. Complaining of the verdict and refusal of the circuit court to grant him a new trial he prosecutes this appeal from the judgment of conviction.

He relies upon the following grounds for a reversal of the judgment appealed from, viz.: (1) Error of the trial court in refusing to lay over or pass the trial of appellant from five o'clock p. m. February 21st until 9 o'clock a. m. the following day. (2) Error in admission of incompetent evidence. (3) Error in instructing the jury.

In support of the appellant's first contention it is stated in his affidavit filed on the motion for a continuance that his trial began and ended on the afternoon of February 21st, but that the trial court seeing that it would not be completed in time to begin the trial of another case during the afternoon, announced before five o'clock that all jurors not engaged in the appellant's trial and all litigants and witnesses in other cases awaiting trial could go until nine o'clock the next morning; that five of his witnesses, all named in his affidavit, who were present when the above announcement was made, erroneously understanding it to apply to them, left the courthouse and went to their respective homes. That after the Commonwealth completed its evidence, the appellant began his, and after he and two of his witnesses had testified, which was about five o'clock, he discovered

to his surprise the absence of his five witnesses whose departure followed the announcement from the court referred to. Immediately following such discovery he entered his motion for the temporary suspension of the trial and passing of the case until nine o'clock the following morning to obtain the return of his five absent witnesses and the benefit of their testimony, and then filed his affidavit containing a statement of the facts above recited, together with what he would be able to prove by the five absent witnesses, and the truth thereof, viz.: that these witnesses would if present testify that each of them was well acquainted with the "general moral reputation" of the appellant at the time he was alleged to have committed the offense charged, had known it for several years and that it was good.

The motion of the appellant to pass the case until nine a. m. the following day was overruled by the trial court, who, however, instructed the jury that the absent witnesses, if present, would testify to the appellant's good reputation, and later allowed that part of the affidavit containing the evidence attributed to them read to the jury as their depositions. As it is not conclusively shown by the record that the appellant was deprived of the full benefit of the testimony of the absent witnesses, or some of them, by this ruling of the court, we do not feel authorized to declare it reversible error. We do not overlook the fact that the statement was made in the appellant's affidavit and supported by the affidavit of his counsel, that the full benefit to him of the testimony of these witnesses could not be obtained without their presence and the oral giving of it by them in court; but to hold that such a statement of a defendant and his counsel, which as here made is a mere conclusion of the affiants, should compel the granting of the continuance sought, would deprive the court of the discretion to grant or refuse it with which the law clothes him. This we cannot do, for it is a well-recognized rule in this jurisdiction that the ruling of a trial court in granting or refusing a continuance, will not, on appeal, be reversed, unless it is affirmatively made to appear to the appellate court that such ruling of the trial court amounted to an abuse of discretion. As such an abuse of discretion is not here shown, it is our conclusion that the trial court's refusal of the passing or continuance moved for by the appellant was not error.

The second contention of the appellant merits little notice. The alleged incompetent evidence it claims was admitted by the trial court was a statement of the witness, Crawford, that he had seen the appellant in possession of a still at his residence, whereas the still, for the possession of which he was indicted, was proved to have been found in his slaughterhouse. As it appears from the bill of evidence that because of the inability of the witness to recollect whether his discovery of the still at the appellant's home was before or after the finding of the one at the slaughterhouse for which he was indicted, the court excluded the testimony from the consideration of the jury; hence the contention in question must be overruled.

The third contention complaining of error in the instructions cannot be sustained. The instructions complained of, Nos. 1 and 2, are objected to because of the first's telling the jury that in order to convict the appellant of possession of the still, proof by the Commonwealth of his ownership thereof was not necessary. The objection to No. 2 is because of its advising the jury that the burden of proving that the still in his possession was registered was upon the appellant, if as a defense to the charge in the indictment that it had not been registered, he claimed it was registered. Both instructions followed the indictment and each correctly stated the law.

The evidence abundantly proved the guilt of the appellant, and was furnished by the prohibition officer and associate by whom, acting under a proper search warrant, the still was discovered and seized in his slaughterhouse; and also by two other witnesses who saw it in his possession and one of whom assisted in its operation.

No reason is shown for disturbing the verdict, and the judgment is affirmed.